**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------- X

IMANI BROWN,

                             Plaintiff,

       -against-

THE CITY OF NEW YORK, a municipal entity; and
New York City Police Officers JUSTIN NAIMOLI
(Shield #26063) and THEODORE PLEVRITIS, in
their individual capacities,

                          Defendants.

------------------------------------------------------------------- X

No. 13-cv-1018 (KBF)


**AMENDED COMPLAINT**


**JURY TRIAL**

        Plaintiff IMANI BROWN, by her attorneys, Beldock Levine & Hoffman LLP, as and for her complaint against THE CITY OF NEW YORK, a municipal entity; and New York City Police Officers JUSTIN NAIMOLI (Shield #26063) and THEODORE PLEVRITIS, in their individual capacities, alleges as follows:

<strong><u>PRELIMINARY STATEMENT</u></strong>

1.     This is a civil rights action brought under 42 U.S.C. § 1983 for violations of rights guaranteed to the plaintiff, IMANI BROWN, by the First, Fourth, and Fourteenth Amendments to the United States Constitution, and violations of the common law and the Constitution of the State of New York by defendants THE CITY OF NEW YORK and New York City Police Officers JUSTIN NAIMOLI (Shield #26063) and THEODORE PLEVRITIS.

2.     Specifically, plaintiff seeks redress for substantial physical, mental, and emotional injuries she suffered when defendants NAIMOLI and PLEVRITIS unlawfully arrested her, using excessive force, including twice spraying her with pepper spray while she was restrained.  The

1

defendant officers arrested plaintiff without any suspicion of any illegal activity while she stood on the sidewalk in the early morning hours waiting for a Starbucks to open so that she could use the bathroom, and they lodged false criminal charges against her which were later dismissed.

3.      Plaintiff seeks (i) compensatory damages for physical injury, psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorneys fees, as this Court deems equitable and just.

## JURISDICTION

4.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

5.      Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state constitutional and common law claims that are so related to the federal claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

6.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to plaintiff's claims took place.

## JURY DEMAND

7.      Plaintiff demands a trial by jury in this action on each and every one of her claims for which jury trial is legally available.

## THE PARTIES

8.      Plaintiff IMANI BROWN, a citizen of the United States, is and was at all times relevant to this complaint a resident of Kings County, City and State of New York.

9.      Defendant THE CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, and does maintain the New York City Police Department ("NYPD") which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

10.     Defendants New York City Police Officers JUSTIN NAIMOLI (Shield #26063) and THEODORE PLEVRITIS are NYPD Police Officers who used excessive and unreasonable force on plaintiff in the course of arresting her without suspicion of any illegal activity and lodged false criminal charges against her.

11.     At all times relevant herein, defendants NYPD Officers NAIMOLI and PLEVRITIS have acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

12.     At the times relevant herein, defendants NYPD Officers NAIMOLI and PLEVRITIS violated clearly established rights and standards under the First, Fourth, and Fourteenth Amendments to the United States Constitution, of which reasonable police officers in their respective circumstances would have known.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

13.     Plaintiff served her Notice of Claim upon the City of New York by personal service on February 10, 2012, within ninety days of the events giving rise to plaintiff's claims.

14.     Plaintiff attended a hearing pursuant to section 50-h of the New York General Municipal Law on July 11, 2012.

15.     This action is filed within one year and ninety days of the events giving rise to plaintiff's claims.

## STATEMENT OF FACTS

16.     Plaintiff IMANI BROWN is 25 years old; she received a bachelor's degree from Columbia University in 2010, and is a full-time executive assistant at the Judd Foundation.

17.     On or about the morning of November 15, 2011, plaintiff was in the vicinity of Zuccotti Park in downtown Manhattan.

18.     She was there to express support for protestors, often referred to collectively as the "Occupy Wall Street Movement," who had been peacefully demonstrating in Zuccotti Park over the preceding days and weeks.

19.     Plaintiff had been to Zuccotti Park regularly over the preceding days and weeks.

20.     After observing that NYPD officers had evicted protestors from Zuccotti Park and were refusing to allow people enter the park, plaintiff and a friend walked away to locate a bathroom.

21.     A few block away, on Broadway, plaintiff discovered a Starbucks.

22.     An employee of the Starbucks told plaintiff that the store would open in 15 or 20 minutes so plaintiff decided to wait for the store to open to use the bathroom.

23.     As plaintiff and her friend were waiting on the sidewalk for the Starbucks to open they were not engaged in illegal or suspicious activity.

4

24.     After a few minutes, a marked NYPD police car stopped nearby.

25.     Inside of the police car were two uniformed NYPD officers who, upon information and belief, were defendants NYPD Officers NAIMOLI and PLEVRITIS.

26.     Plaintiff approached the police car and asked the officers if they knew of a restroom nearby that was open to the public at that hour.

27.     The officers responded by taunting plaintiff and using foul language.

28.     P1aintiff walked away from the police car and the officers exited the car.

29.     The officers then arrested plaintiff without suspicion of any illegal activity.

30.     In arresting plaintiff, the officers kicked her legs out from under her, causing her to fall to the ground on her knees, pressed her face into the ground, and sprayed her in the eyes at least twice with pepper spray while they restrained her.

31.     At one point during the officers' assault on plaintiff, she could feel that her skirt had come up, exposing her bottom.

32.     Plaintiff was crying and asked the officers if they would please pull her skirt down.

33.     One of the officers told her, in sum and substance, "no."

34.     Plaintiff experienced intense physical and emotional pain and embarrassment as a result of the officers' assaultive conduct.

35.     The officers put plaintiff in the back of their police car and transported her to an NYPD police precinct.

36.     At the precinct, plaintiff repeatedly told officers that she needed to use the bathroom, but they refused to allow her to use a bathroom for approximately twenty minutes.

37.     Hours later, plaintiff was transported to central booking.

38.     At central booking, plaintiff requested water but she was refused water.

39.     Plaintiff was not provided any food from the time she was arrested until many hours later at central booking when she was given a cheese sandwich.

40.     Plaintiff requested soap to wash her hands before eating but was refused soap.

41.     Plaintiff was taken before a judge and charged with resisting arrest and disorderly conduct.

42.     Plaintiff was released but was required to return to court on a future date.

43.     The criminal charges against plaintiff were eventually dismissed.

44.     Plaintiff has sought medical care for the injuries she sustained as a result of the excessive force used by defendants NYPD Officers NAIMOLI and PLEVRITIS in arresting plaintiff.

45.     As a result of this incident, plaintiff experienced humiliation, sustained physical injuries, and suffered—and continues to suffer—severe psychological and emotional distress.

46.     As a result of this incident, plaintiff was prevented from working.

### FIRST CAUSE OF ACTION
**42 U.S.C. § 1983 – Violation of Plaintiff's First Amendment Rights**

47.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

48.     Plaintiff was aware of her constitutional right to speak and protest publicly without fear of arrest or assault by any police officer.

49.     The duties of NYPD police officers include the duty to protect the constitutional rights of persons who wish to express their opinions publicly in a lawful manner.

50.     Shortly before the incident alleged herein, plaintiff was participating in public demonstrations in and around the area of Zuccotti Park associated with the Occupy Wall Street Movement.

51.     Plaintiff's participation in those demonstrations was public, and it was her intent that other people would see her expressive conduct and hear her public statements.

52.     Inferring plaintiff's involvement with the demonstrations in and around the area of Zuccotti Park, defendants NYPD Officers NAIMOLI and PLEVRITIS physically attacked her and falsely arrested her.

53.     By virtue of the foregoing, defendants NYPD Officers NAIMOLI and PLEVRITIS intentionally deprived plaintiff of her rights secured by the First Amendment of the United States Constitution and as such, are liable to plaintiff under 42 U.S.C. § 1983.

54.     As a direct and proximate result of defendants NYPD Officers NAIMOLI and PLEVRITIS's deprivations of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

55.     The conduct of defendants NYPD Officers NAIMOLI and PLEVRITIS was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983 – Violations of Plaintiff's Fourth and Fourteenth Amendment Rights**

56.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

57.     In committing the acts and omissions complained of herein, defendants NYPD Officers NAIMOLI and PLEVRITIS acted under color of state law to deprive plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

    a.   the right to be free from unreasonable searches of her person;

b. the right to be free from unreasonable seizure of her person, including through excessive force;

c. the right to be free from arrest without probable cause;

d. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion, or legal justification, and of which detention plaintiff was aware and to which she did not consent;

e. the right not to be subjected to inhumane conditions of confinement;

f. the right to be free from deprivation of liberty without due process of law; and

g. the right to equal protection, privileges, and immunities under the laws.

58.    In committing the acts and omissions complained of herein, defendants NYPD Officers NAIMOLI and PLEVRITIS breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

59.    As a direct and proximate result of defendants NYPD Officers NAIMOLI and PLEVRITIS's deprivation of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

60.    The unlawful conduct of defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

### **THIRD CAUSE OF ACTION**
### *Respondeat Superior*

61.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

62.    Defendants NYPD Officers NAIMOLI and PLEVRITIS were employees of the City at the time of the incidents alleged herein.

63.    Defendants NYPD Officers NAIMOLI and PLEVRITIS were acting at all relevant times within the scope of their employment with the City.

64.    The City is therefore vicariously liable for the actions of defendants NYPD Officers NAIMOLI and PLEVRITIS under the doctrine of r*espondeat superior*.

**FOURTH CAUSE OF ACTION**
**Violations of the New York State Constitution**

65.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

66.    Defendants subjected plaintiff to the foregoing acts and omissions without due process of law, thereby depriving plaintiff of rights, privileges, and immunities guaranteed by Article 1, §§ 1, 6, 8, and 12 of the New York State Constitution, including, without limitation, the following:

   a.   Plaintiff was deprived of her rights and privileges guaranteed by Article 1, § 1 of the New York State Constitution;

   b.   Plaintiff was deprived of her right to due process guaranteed by Article 1, § 6 of the New York State Constitution;

   c.   Plaintiff was deprived of her right to freedom of speech guaranteed by Article 1, § 8 of the New York State Constitution; and

   d.   Plaintiff was deprived of her right to be free from unreasonable searches and seizures guaranteed by Article 1, § 12 of the New York State Constitution.

67.    As a direct and proximate result of defendants NYPD Officers NAIMOLI and PLEVRITIS's deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, plaintiff suffered the injuries and damages set forth above.

**FIFTH CAUSE OF ACTION**
**Assault and Battery**

68.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

69.     Defendants NYPD Officers NAIMOLI and PLEVRITIS, without just cause, wilfully and maliciously used physical force against plaintiff, causing her injuries.

70.     Defendants NYPD Officers NAIMOLI and PLEVRITIS committed the foregoing acts intentionally, wilfully, and with malicious disregard for plaintiff's rights, and are therefore liable for punitive damages.

71.     The City is vicariously liable for the conduct of defendants NYPD Officers NAIMOLI and PLEVRITIS as set forth herein.

### SIXTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**

72.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

73.     Defendants NYPD Officers NAIMOLI and PLEVRITIS, through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally and/or recklessly caused plaintiff to suffer severe mental and emotional distress, pain and suffering, and damage to name and reputation.

74.     Defendants NYPD Officers NAIMOLI and PLEVRITIS committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

75.     The City is vicariously liable for the conduct of defendants NYPD Officers NAIMOLI and PLEVRITIS as set forth herein.

### SEVENTH CAUSE OF ACTION
**Negligence**

76.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

77.     Defendants NYPD Officers NAIMOLI and PLEVRITIS owed plaintiff a duty of care, including the duty to exercise due care in the course of their duties as NYPD officers and the duty to protect citizens from the intentional misconduct of other NYPD officers.

78.     Defendants NYPD Officers NAIMOLI and PLEVRITIS, by the foregoing acts, negligently failed to use due care in the performance of their duties in that they failed to perform their duties with the degree of care that a reasonably prudent and careful officer would have used under similar circumstances.

79.     All of these acts were performed without any negligence on the part of plaintiff and were the proximate cause of injuries to plaintiff.

80.     The City is vicariously liable for the negligence of defendants NYPD Officers NAIMOLI and PLEVRITIS as set forth herein.

**EIGHTH CAUSE OF ACTION**
**Negligent Infliction of Emotional Distress**

81.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

82.     As police officers acting in the performance of their duties, defendants NYPD Officers NAIMOLI and PLEVRITIS owed plaintiff a duty of care.

83.     In breach of that duty of care, defendants NYPD Officers NAIMOLI and PLEVRITIS's foregoing conduct endangered plaintiff's safety and caused her to fear for her safety.

84.     As a result, plaintiff suffered emotional distress.

85.     The City is vicariously liable for the negligence of defendants NYPD Officers NAIMOLI and PLEVRITIS as set forth herein.

## DEMAND FOR RELIEF

**WHEREFORE**, plaintiff demands the following relief against the defendants, jointly and severally:

    (a)    compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

    (b)    punitive damages from defendants NYPD Officers NAIMOLI and PLEVRITIS to the extent allowable by law;

    (c)    attorneys fees;

    (d)    the costs and disbursements of this action;

    (e)    interest; and

    (f)    such other and further relief as this Court deems just and proper.

Dated: New York, NY
       July 8, 2013

                BELDOCK LEVINE & HOFFMAN LLP
                99 Park Avenue, Suite 1600
                New York, New York 10016
                (212) 490-0400

           By:

                Jonathan C. Moore
                Joshua S. Moskovitz

                *Attorneys for Plaintiff Imani Brown*