BELDOCK LEVINE & HOFFMAN LLP

99 PARK AVENUE

NEW YORK, N.Y. 10016-1503

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 1 2 2014

ELLIOT L. HOFFMAN
MYRON BELDOCK
BRUCE E. TRAUNER *
PETER S. MATORIN
KATHERINE G. THOMPSON
CYNTHIA ROLLINGS
JONATHAN MOORE *△
KAREN L. DIPPOLD
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT ◊

TEL: (212) 490-0400
FAX: (212) 557-0565
WEBSITE: blhny.com

LAWRENCE S. LEVINE (1934-2004)

COUNSEL
MARJORY D. FIELDS
JODY L. YETZER

REF

WRITER'S DIRECT CONTACT:
(212) 277-5823
jmoskovitz@blhny.com

WRITER'S DIRECT DIAL:

ALSO ADMITTED IN:
* CALIFORNIA
△ ILLINOIS
• FLORIDA
◊ NEW JERSEY

May 9, 2014

**VIA ECF AND EMAIL**

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 730
New York, NY 10007

Re:   *Brown v. City of New York et al.*, No. 13-cv-01018 (KBF)

Dear Judge Forrest:

My firm represents plaintiff Imani Brown in this civil rights case. I write first to seek leave to submit a sur-reply to Defendants' motion for summary judgment so that Plaintiff may respond to the new arguments submitted in Defendants' reply papers; and second, to alert the Court to the Supreme Court's recent decision in *Tolan v. Cotton*, No. 13-551 (May 5, 2014), which supports Plaintiff's opposition to Defendants' motion. A copy of the slip opinion is attached.

Plaintiff requests leave to file a short sur-reply of no more than five pages, which Plaintiff has prepared and is ready to submit. "The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). Defendants' reply includes a new argument misstating New York Penal Law, discusses a number of new cases not previously cited by the parties, and attaches three new pieces of evidence not previously offered. Without the opportunity to submit a sur-reply, Plaintiff would be unable to respond to these new points.

The Supreme Court's decision earlier this week in *Tolan v. Cotton* is highly relevant to Defendants' motion before the Court. In *Tolan*, the plaintiff brought a § 1983 excessive force

BELDOCK LEVINE & HOFFMAN LLP

Hon. Katherine B. Forrest
May 9, 2014
Page 2

claim—one of the same claims Plaintiff has brought here—against a police officer who shot the plaintiff during a late-night incident on the porch of the plaintiff's parent's home. Slip op. 1-3. The officer moved for summary judgment on the grounds of qualified immunity, which the district court granted, concluding that the "use of force was not unreasonable and therefore did not violate the Fourth Amendment." *Id.* at 4. The Fifth Circuit affirmed, but instead of reaching the constitutionality of the officer's conduct, "it held that even if [the officer's] conduct did violate the Fourth Amendment, [he] was entitled to qualified immunity because he did not violate a clearly established right." *Id.* at 4-5.

The Supreme Court unanimously reversed and explained that the lower courts had "failed to adhere to the axiom that in ruling on a motion for summary judgment, '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Id.* at 1 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The Court reaffirmed that in considering a qualified immunity defense, whether the court addresses prong one of the defense—that the officer's conduct violated a federal right—or prong two—that the right was clearly established—basic summary judgment principles still apply:

> Courts have discretion to decide the order in which to engage these two prongs. But under either prong, courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment. This is not a rule specific to qualified immunity; it is simply an application of the more general rule that a judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. Summary judgment is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. In making that determination, a court must view the evidence in the light most favorable to the opposing party. Our qualified-immunity cases illustrate the importance of drawing inferences in favor of the nonmovant, even when, as here, a court decides only the clearly-established prong of the standard. *Id.* at 6-7 (citations, quotation marks, and paragraph break omitted).

Applying these principles, the Court concluded that "[i]n holding that [the officer's] actions did not violate clearly established law, the Fifth Circuit failed to view the evidence at summary judgment in the light most favorable to [the plaintiff] with respect to the central facts of th[e] case." *Id.* at 8. The Court explained that there was evidence that contradicted the officers' testimony regarding material facts about the use of force. *Id.* at 8-10. Therefore, summary judgment was improper. The Court concluded its opinion by underscoring this point:

> The witnesses on both sides come to this case with their own perceptions, recollections, and even potential biases. It is in part for that reason that genuine disputes are generally resolved by juries in our adversarial system. By weighing the evidence and reaching factual inferences contrary to [the plaintiff]'s competent evidence, the court

BELDOCK LEVINE & HOFFMAN LLP

Hon. Katherine B. Forrest
May 9, 2014
Page 3

below neglected to adhere to the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the nonmoving party. *Id.*

This rare *per curiam* reversal by the Supreme Court on the facts of a summary judgment decision is a clear signal to the lower federal courts that they must carefully guard against summary judgment on a § 1983 claim where the plaintiff's testimony and evidence contradicts the defendants' evidence on the circumstances of an arrest. *Tolan* thus reinforces the conclusion that Defendants' summary judgment motion here must be denied because, as Plaintiff has pointed out in her opposition papers, there is substantial evidence that contradicts Defendants' testimony and, taken in the light most favorable to Plaintiff, shows that any reasonable officer would know that there was not probable cause to arrest Plaintiff and the force used to arrest her was unreasonable and excessive.

A key example of a material factual dispute that Defendants ask the Court to resolve in their favor is whether the officers spoke with the Starbucks employee before arresting Plaintiff. Defendants assert that "all the evidence in this case" proves that they spoke before Plaintiff's arrest. *See* Defs.' Reply 56.1 ¶¶ 15-20, 97. Yet, Defendants themselves acknowledge that this fact is disputed, *id.* ¶ 97, as they must since the video evidence proves that they spoke *after* Plaintiff's arrest, *see* Pl.'s 56.1 ¶ 97. Defendants hypothesize that the officers "may have spoken" with the Starbucks employee a second time after Plaintiff's arrest, Defs.' Reply 56.1 ¶ 97, yet Officer Naimoli and the Starbucks manager both testified that they spoke only once, Pl.'s 56.1 ¶ 97. Defendants attempt to overcome this fatal blow to their summary judgment motion by contending that this is not a material fact, but it is firmly established that "[i]n evaluating the existence of probable cause, courts only consider the facts available to the officers at the time of the arrest." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997). Thus, as *Tolan* makes clear, summary judgment is improper.

We appreciate the Court's attention to this request, and consideration of the significance of the *Tolan* decision in deciding Defendants' motion for summary judgment.

Sincerely,

*[signature]*

Joshua S. Moskovitz

cc:    Andrew Lucas (by ECF)

*Ordered*
*Application for leave to file*
*sur-reply denied.*

5/12/14           *K— B. Forrest*
                      *USDJ*